## Fox *against* The Union Academy.

*Quære*, whether if land be conveyed to trustees in trust for an academy, which is afterwards incorporated by an Act of Assembly directing the property to vest in the corporation, the act is, so far as respects the vesting of the land, unconstitutional and void.

One, however, who contracts with the corporation to pay money for land obtained from them and held by him, not having notice not to pay, and there being no adverse claimant who could again recover the money, cannot raise this question of the invalidity of the transfer in an action of assumpsit by the corporation to recover the money.

It seems it might be otherwise in an ejectment for the land.

The court ought not to answer questions propounded by counsel, which are not necessary to the decision of the cause.

ERROR to the Common Pleas of *Bucks* county.

Assumpsit by the Trustees of the Union Academy of Doylestown, against John Fox, Esqr. The case appears in the opinion of this court.

*J. Fox,* for plaintiff in error.
*Wright,* contra.

The opinion of the Court was delivered by

Huston, J.—On the 5th of September, 1804, John Hough conveyed a certain lot of land to Charles Meredith, to the intent that he should convey the same to the Trustees of the Doylestown Academy, the said John Hough being one of those trustees, for certain uses. On the 6th of September, 1804, Charles Meredith conveyed the same lot to certain persons, who had been duly elected by the contributors towards erecting a building on said lot, viz: Hugh Meredith, Nathaniel Shewell, John Hough, Christian Clemens, Andrew Dunlap, Thomas Stewart, Josiah Y. Shaw, and the survivors and survivor of them, and their successors constitutionally appointed, for the uses mentioned, viz: the chief object thereof to be the education of youth in a grammatical knowledge of the English, French, Latin and Greek languages, &c., and to be used as a place of worship on the Sabbath day, and such other times as would not interfere with the regular business of the academy.

On the 14th of April 1827, an Act of Assembly was passed, reciting the previous conveyances, and that a building had been erected, and that this State had contributed a large sum towards the erection and completion of said building, and the inhabitants and contributors had elected, on the completion of said building, seven persons as trustees of said school, viz: Christian Clemens,

[Fox v. The Union Academy.]

William Watts, John Hough, Andrew Dunlap, Josiah Y. Shaw, Nathaniel F. Shewell and Dr Charles Meredith, as trustees of said academy, "which said trustees have not yet been incorporated, nor any power given them legally to receive and hold the said property, therefore, &c." It then proceeds to incorporate said trustees (naming them) and their successors, with the usual powers to take and hold all lands, tenements and real and personal, which now is or shall become the property of said Union Academy of Doylestown, by gift, deed or will. It will be observed that the persons named in this Act are the same as those in the deed, except that Charles Meredith is in the place of Hugh, and Wm. Watts in the place of Thomas Stewart, who, as appears in the cause, had resigned. It then confirms the title of John Fox to a lot theretofore conveyed to him by Charles Meredith by direction of the trustees. It provides for a succession of trustees by election of the contributors, and those who. shall, at the time of election, be paying for scholar or scholars.

At December Term, 1830, John Fox petitioned for a private road from his house through the Academy lot, in part at least. It appeared that this road was located in the presence of John Fox and the trustees, and to save the expense of another view to assess the damages, it was agreed the viewers who laid out the road should assess the damages, to be paid by John Fox to the Academy, for using part of its land. They assessed the damages at $42.50, and it was admitted in the court below and here by John Fox, that he signed a paper promising to pay that sum. The paper is lost, and no proof whether it stated to whom that sum was to be paid. He admitted the road had been opened and used by him. The matter lay over some time, and suit was brought by the trustees before a justice, and judgment for them, an appeal, and in the meantime an Act was passed, 16th April 1840, being the 7th and 8th sections of an Act to organize Clarion county. The preamble to the 7th section stated: " whereas in the preamble of the Act, to which this is a supplement, it is stated that the trustees of the said Union Academy, who had been elected by the inhabitants, had no power given them legally to receive and hold the lot on which the said Academy is erected; and whereas the said statement is erroneous, inasmuch as the said lot had been conveyed by indenture dated 6th Sept. 1804, and recorded 29th April 1817, by Charles Meredith, to trustees, for the uses and trusts in the said indenture mentioned; therefore the said Act incorporating the said Union Academy at Doylestown, shall not be construed in any wise to affect the trusts in the said indenture mentioned and contained, but the same shall be and remain as if the said Act had not been passed; and the estate thereby granted shall be and remain invested in the trustees named in the same indenture for the purposes thereof; and all and every part of the said Act incorporating the said Union Academy, which conflicts with the pro-

visions and trusts of the said indenture, or divests the trustees named therein of any estate or powers, be and the same is hereby repealed."

We have nothing before us, nor was there any thing proved in the court below, to show at whose solicitation the Act of incorporation of 1827 was passed, whether at the instance of the contributors or trustees or both. It was stated and admitted that the proceedings of the Academy and the election of trustees had been under that law from its passage; and as the law required that these trustees should go out each year, the present trustees are different from those named in the charter, except Josiah Shaw, who must have been out for a time and elected in again. It is not worth while to inquire what effect the Act of 1840, last referred to, had or would have had on the rights of the corporation, for it was repealed on the 15th May 1841, and the title to the lot conveyed by Charles Meredith, on the 6th Sept. 1804, is vested in the trustees of the Academy and their successors, under the incorporating Act of 14th April 1827, to have and to hold the same to the uses, trusts and purposes mentioned in said deed of trust. It is *quite probable that this would be the construction of law on the* Act of incorporation, whether we consider or disregard the two last Acts.

In the course of the cause, Thomas Stewart, one of those to whom Charles Meredith made the deed of trust, and who swore he had resigned before 1827, and John Hough, who had been absent from the county a great portion of the time, but had returned, were, or their depositions were offered in evidence. They each swore he had taken no part in the affairs of the Academy for many years, and not in the passage of these laws. The court decided their testimony was irrelevant. To judge of this, I must go back and state that the case trying was *assumpsit* for the $42.25, on the plea of *non assumpsit,* and it was stated in the Common Pleas and here, that he owed the money and must pay it; but he wished to try, as I understand it, the question whether an association of men, who are united for a charitable, literary or religious purpose, and who own property, and apply for and obtain an Act of incorporation, which Act vests in them as a corporation what they owned before through the intervention of trustees, is, so far as it vests such property in the corporation, unconstitutional and void; and so entirely so, that a tenant who leases from them, or any person who makes any contract for the use of such property for any period, is exempted from complying with his contract, though he has enjoyed all the benefit of such contract. And this is a very different question from what would arise if these trustees would bring ejectment to try the right to the land. If the defendant below is not compellable to pay in this suit, the Statutes of Limitation bar a recovery by any other person or persons.

If the question, said to be intended for decision in this case, is

a doubtful one, it ought to be settled, for there is scarcely one literary, and certainly not one religious society, in this State, from the first act of incorporation to this time, whose property is not affected by it: At least, the church or meeting-house was generally at first held in the name of trustees, and I have neither known nor heard of a conveyance by the trustee to the corporation. Generally, but not universally, the act in terms vests the previously held property in the corporation. I think the effect of such act, though perhaps not directly decided in banc, has been before judges at *Nisi Prius*. I made it in *Caufman* v. *The Congregation*, (6 *Binn.* 59); but the court said the opposite counsel need not reply to that; but the opinion of the Common Pleas in this case was, that it did not arise in this case; that a person who dealt with and obtained a benefit still continuing from the plaintiffs below, and promised to pay them for it; who had received no notice from any person not to pay; where there is no adverse claimant, and if there was, such adverse claimant to the land could not pretend to any right to recover this money again from the defendant; must comply with his contract. The testimony was irrelevant and the defence not available.

There have been cases where persons not of the association, or not a majority of them, have obtained a charter. I am not speaking of such cases; nor do I give any opinion on the general question to bind myself, and I have no authority to intimate the opinion of the court or any member of it.

The counsel for the Academy took no notice of this point of the unconstitutionality of the law, and I should not have noticed it but from respect to the gentleman who stated it, but did not urge it further than by citing a part of the constitution, and this, as he said, because of the doubt whether the question could be decided in this way.

We have an Act of Assembly requiring the judge who delivers the opinion of the court to reduce it to writing and file it with the reasons thereof; and some members of the bar have complained because an opinion was not given on every point made in the course of the cause; and if the decision of the cause requires that point to be decided, there is cause of complaint. It is far otherwise where the cause does not require a decision on that point; such opinion, so far, would be extra-judicial. Few things have given to the profession more trouble than extra-judicial opinions on points not fully argued. These and *obiter dicta* occasion to the bar and the lower courts more perplexity than can be conceived by those who have not had some experience of their effect. Instead of requiring a court to give an opinion on every point discussed by any counsel on any side, it would be wiser to prohibit any court from giving an opinion on any point not necessary to the decision of the cause.

Judgment affirmed.